**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4747**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

AARON MONTEZ DAVIS,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:18-cr-00153-MOC-DCK-1)

Submitted: February 26, 2021               Decided: March 11, 2021

Before MOTZ, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Chiege Ojugo Kalu Okwara, Charlotte, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aaron Montez Davis appeals from his convictions following a jury trial for distribution and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). On appeal, Davis argues that the district court erred by preventing him from presenting an entrapment defense to the jury and by not requiring the Government to disclose the identity of its confidential informant. We affirm.

First, Davis asserts that he produced sufficient evidence of governmental overreach that the district court should have instructed the jury on an entrapment defense. "Entrapment is an affirmative defense consisting of two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct." *United States v. McLaurin*, 764 F.3d 372, 379 (4th Cir. 2014) (internal quotation marks omitted). "To establish entrapment, a defendant must first demonstrate the government induced him to engage in the criminal activity." *United States v. Young*, 916 F.3d 368, 375 (4th Cir. 2019). "'Inducement' is a term of art: it involves elements of governmental overreaching and conduct sufficiently excessive to implant a criminal design in the mind of an otherwise innocent party." *United States v. Daniel*, 3 F.3d 775, 778 (4th Cir. 1993) (contrasting inducement with permissible "[s]olicitation[–] . . . the provision of an opportunity to commit a criminal act").

Although "[t]he question of entrapment is generally one for the jury, rather than for the court," *Mathews v. United States*, 485 U.S. 58, 63 (1988), "a defendant who is unable to carry his [initial] burden [of producing evidence of inducement] is not entitled to submission of the issue to the jury," *United States v. Osborne*, 935 F.2d 32, 38 (4th Cir.

2

1991). In granting the Government's motion in limine and precluding Davis from offering an entrapment defense, the district court explained that there was no evidence of undue pressure from the government or its agents and that Davis himself had testified in a pretrial hearing that "the source of the cocaine that he used for the crack on the three occasions . . . in this case . . . was the same source he had previously used. That's predisposition. That mean[t] he previously had the source of crack before" the informant introduced him to undercover law enforcement officers. (J.A. 319).[1] We conclude that the district court did not err in declining to give a jury instruction on the entrapment defense.[2]

Next, we review for abuse of discretion the district court's decision to deny Davis' motion to compel disclosure of the confidential informant. *United States v. Bell*, 901 F.3d 455, 466 (4th Cir. 2018). "What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). However, this privilege is a qualified one, and it "must . . . give way when the informant . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *United States v. Smith*, 780 F.2d 1102, 1107 (4th Cir. 1985) (en banc) (internal quotation marks omitted). To determine whether disclosure is warranted, a court must consider the "particular

---

[1] "J.A." refers to the joint appendix submitted by the parties on appeal.

[2] The parties disagree about the applicable standard of review. Because Davis' argument fails under either de novo review or an abuse of discretion standard, we decline to resolve the dispute. *See United States v. Stanley*, 739 F.3d 633, 645 (11th Cir. 2014).

circumstances of [the] case," including the crime charged, the possible defenses, the possible significance of the informant's testimony, and any other relevant factors. *Roviaro*, 353 U.S. at 62.

Although disclosure ordinarily is not required "where the informant is neither a participant in the offense, nor helps set up its commission, but is a mere tipster who only supplies a lead to law investigating and enforcement officers," *McLawhorn v. North Carolina*, 484 F.2d 1, 5 (4th Cir. 1973), disclosure typically is required "where the informant is an actual participant, particularly where he helps set up the criminal occurrence," *id.* However, we have emphasized that the proper focus is "not on the labels that may be attached to [an informant], but on [the] propriety of the district court's assessment of the [*Roviaro*] balance in light of the particular circumstances of the case." *United States v. Brinkman*, 739 F.2d 977, 981 (4th Cir. 1984) (internal quotation marks omitted). Here, the district court acknowledged that the informant introduced Davis to the undercover officer, and the informant was present at the first of three drug transactions between Davis and the undercover officer and, therefore, was more than a "mere tipster." *McLawhorn*, 484 F.2d at 5. However, the court took the informant's role—introducing Davis to the undercover officer—into consideration and nevertheless concluded that in light of the facts of the case and the importance of protecting the safety of confidential informants, disclosure was not warranted in this case. We discern no abuse of discretion in this conclusion.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*